UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80291-CIV-RYSKAMP/VITUNAC

C. B. FLEET COMPANY, INCORPORATED,

        Plaintiff

vs.

UNICO HOLDINGS, INC.,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

THIS CAUSE came before the Court upon the Plaintiff C.B. Fleet Company, Incorporated's ("Plaintiff") Motion for Preliminary Injunction filed on March 30, 2007. The Motion has been fully briefed and the Court heard oral argument on the matter on April 23, 2007, at which time counsel of record for both parties were present and heard. For the reasons stated below, the Court grants Plaintiff's motion for preliminary injunction.

**I.      Background And Procedural History**

C.B. Fleet is currently selling a bowel cleansing kit called Phospho-soda® EZ-Prep™ Bowel Cleansing System (the "Fleet Product"). Defendant Unico Holdings, Incorporated ("Defendant") is currently selling a competing bowel cleansing kit called Easy-to-use Preparation Cleansing Kit under the CVS®/pharmacy brand ("Defendant's Product"). C.B. Fleet contents that Defendant's patient instruction sheet and packaging infringes on C.B. Fleet's copyrights, trade dress, and other intellectual property rights.

C.B. Fleet's eight count complaint against Defendant alleges: (1) copyright infringement of C.B. Fleet's copyright material used in the Fleet Product in violation of 17 U.S.C. § 501, et. seq., the codification of the U.S. Copyright Act of 1976 (as amended); (2) false copyright management information, intentional removal/alteration of copyright management information in violation of 17

U.S.C. § 1202, the codification of the U.S. Digital Millennium Copyright Act; (3) trade dress infringement in violation of 15 U.S.C. § 1125(a), the codification of the Lanham Trade-Mark Act; (4) false designation of origin, false description and passing off in violation of 15 U.S.C. § 1125 et seq.; (5) unfair competition under Florida common law; (6) tortious interference with a business relationship under Florida common law; and (7) unjust enrichment; and (8) an accounting of all profits attributed to Defendant's acts of copyright infringement.

C.B. Fleet seeks a preliminary injunction solely on the basis of C.B. Fleet's copyright infringement claim. C.B. Fleet alleges that Defendant's package design and patient instruction sheet used for Defendant's Product infringes on C.B. Fleet's copyrights in its own patient instruction sheet and package design.

## II.     General Standard For Preliminary Injunction

Under the U.S. Copyright Act, a district court has the power to grant temporary and final injunctions on such terms as the court may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). To prevail in federal court on its motion for a preliminary injunction, C.B. Fleet must establish that: (1) it has a substantial likelihood of success on the merits of its copyright infringement claim; (2) a substantial threat exists that it will suffer irreparable injury if injunctive relief is denied; (3) the threatened injury to C.B. Fleet outweighs the threatened harm the injunction may do to the Defendant; and (4) granting a preliminary injunction will serve the public interest. SunTrust Bank v. Houghton Mifflin Company, 268 F.3d 1257, 1265 (11th Cir. 2001).

### A.     Copyright Infringement Claim/Likelihood Of Success

C.B. Fleet seeks a preliminary injunction under 17 U.S.C. § 501(a), which forbids a third party from violating the exclusive copyrights of a copyright owner as provided by sections 106 through 122 of the Copyright Act. 17 U.S.C. § 501. To establish a prima facie case of copyright infringement, C.B. Fleet must show: (1) ownership of a valid and existing copyright and (2) that defendant copied the copyrighted material. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 349 (1991); Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 824 (11th Cir. 1982). Based on the evidence submitted, the Court finds that C.B. Fleet has established both

elements.

As to the first element, C.B. Fleet claims copyright ownership and protection to the entire patient instruction sheet in the Fleet Product and to the design of the front, right side, and top panels of the Fleet Product's package design. A copyright registration certificate proves "prima facie proof of the existence of a valid copyright." 17 U.S.C. § 401(c). C.B. Fleet has established that it has applied for and received a certificate of Copyright for the product package design and patient instruction sheet. Since the certificate of Copyright was made within five years after the materials were first published, the certificate constitutes prima facie evidence of copyright validity and ownership. See id.

Defendant argues that C.B. Fleet's copyright in the package design and patient instruction sheet are invalid because such information is either required by U.S. Food and Drug Administration or are not sufficiently original. However, the Court finds that the copyrightable elements claimed by C.B. Fleet in its package design and patient instruction sheet are not required by FDA regulations. Moreover, as to originality, a work need only possess a modicum of originality to be protected by copyright. Feist Publications, 499 U.S. at 346-47. Upon examination of the package design and patient instruction sheet, this Court concludes that they clearly meet and exceed this standard of originality. Moreover, C.B. Fleet's patient instruction sheet was created through substantial research, testing and development to ensure patient comprehension. C.B. Fleet's copyrighted material possesses the creativity required for originality and are the product of original selections and arrangements that are protectable by copyright. See Epic Metals Corp. v. Condec, Inc., 867 F. Supp. 1009, 1013 (M.D. Fla. 1994). In sum, after reviewing the relevant material, this Court concludes that C.B Fleet's package design and patient instruction sheet possess the requisite creativity to be protected under the Copyright Act.

Under the second element, C.B. Fleet must establish that Defendant copied original elements of the copyrighted works. Leigh v. Warner Brothers, Inc., 212 F.3d 1210, 1214 (11th Cir. 2000). Simple side by side comparisons of Defendant's Product and C.B. Fleet's works show that the Defendant has made a strikingly similar, if not virtually identical copies. In light of the evidence,

it is clear that Defendant copied C.B. Fleet's copyrighted material. See Playboy Enterprises, Inc. v. Starware Pub. Corp. 900 F. Supp. 433, 436 (S.D. Fla. 1995); Epic Metals Corp. v. Condec, Inc., 867 F. Supp. 1009, 1012-13 (M.D. Fla. 1994). The striking similarities between the patient instruction sheet and product packaging of Defendant's Product and the Fleet Product exclude any possibility of independent creation on the part of Defendant. See Original Appalachian Artworks, 684 F.2d at 829.

Defendant asserts merger as a defense, arguing that the ideas and expressions of those ideas in the Fleet Product's package design and patient instruction sheet merge and preclude copyright. After considering the evidence, the Court finds this defense to be without merit. The merger defense does not apply in instances where the infringing work is virtually identical to the copyrighted work or when the coordination of facts provided in the work are a result of independent testing. See Epic Metals, 867 F. Supp. at 1013-14 (no merger where defendants copied substantial portions of plaintiff's brochures that were created through independent testing); Glades Pharmaceuticals LLC v. Murphy, 77 U.S.P.Q. 2d 1384, 1387-88 (N.D. Ga. 2005) (no merger where the defendants copied exact wording of plaintiff's power point presentation). The Court finds that Defendant's package design and patient instruction sheet are virtually identical to the Fleet package design and patient instruction sheet and that Fleet's patient instruction sheet was derived through extensive, independent testing and research.

The Court also finds that merger does not apply because there are other ways to express how Defendant's Product can be properly used without duplicating the entire Fleet Patient Instruction Sheet almost verbatim (including its color scheme, format, display, choice of words to emphasize, the distinguishing colors and/or fonts used to emphasize certain points, a promotional statement about C.B. Fleet's HYDRALIFE™ product, a timeline of events, and graphic representations of the contents of the Fleet Product and how it should be administered). Likewise, it is not credible to suggest that C.B. Fleet's package design, namely, its layout, format, text font, color scheme, and graphic representations of the contents of the Fleet Product is the only package design available to Defendant for its own product. The evidence shows that Defendant even used graphic

representations of the Fleet flavor packet and bottles in both Defendant's sheet and packaging. Further, the evidence shows that Defendant copied C.B. Fleet's reference to the Fleet Product's saline laxative as "unflavored" when, in fact, Defendant's saline laxative is ginger-lemon flavored. See Declaration of Steven P. Ruhf, ¶ 24. Accordingly, the Court concludes that merger is not supported by the evidence in this case.

Finally, the Defendant argues that C.B. Fleet has unclean hands because it has engaged in copyright misuse and patent misuse. There is no evidence that C.B. Fleet has, by this motion, impermissibly asserted its copyrights against Defendant. Moreover, the Court finds that patent misuse is wholly irrelevant to the underlying action and, in any case, is not established by the evidence submitted by Defendant.

In summary, the Court finds that C.B. Fleet has established a substantial likelihood of success on the merits of its copyright infringement claim. It is substantially likely to successfully prove that it owns valid copyrights in the Fleet Product's package design and patient instruction sheet and that Defendant's Product's package design and instruction sheet copy and infringe on those copyrights.

**B.      C.B. Fleet Has Shown Irreparable Harm**

Since the Court has found that C.B. Fleet has established a substantial likelihood of success on the merits, C.B. Fleet must show that it will be irreparably injured if the injunction is not granted. According to the Eleventh Circuit's SunTrust decision irreparable harm may be presumed in cases involving simple copyright violations where fair use is not raised as a defense, which is the situation before us. In any event, the Court finds that C.B. Fleet has clearly shown irreparable harm even if this element is not presumed.

C.B. Fleet has showed it has incurred and will continue to incur irreparable damage as a result of Defendant's infringement. Defendant's Product is sold at a retail price of almost half that of the Fleet Product at CVS® Pharmacy stores. Further, the evidence shows that CVS® Pharmacy, one of C.B. Fleet's top retailers for numerous Fleet products, selected Defendant's Product over the Fleet Product due to this price differential. Defendant could offer this price because of its infringement of C.B. Fleet's copyrights. This loss of market share is more than sufficient to establish

irreparable harm. See Mercedes J. Franklin & David Gantt v. Galleon Jewelers, Inc., 60 U.S.P.Q. 2d 1595 (S.D. Fla. 1999) (irreparable harm shown by sale of infringing, poor quality products at lower cost); CBS, Inc. v. PrimeTime 24 Joint Venture, 9 F. Supp. 2d 1333, 1344-45 (S.D. Fla. 1998) (irreparable harm shown where infringing conduct resulted in lost network and station revenue); Firma Melodiya v. ZYX Music GmbH, 882 F. Supp. 1306, 1315 (S.D.N.Y. 1995) (irreparable harm shown where sale of infringing product at discount rate would make plaintiff's ability to sell its own product at a higher price more difficult).

The Court also finds that that C.B. Fleet has shown that it has and will continue to suffered to its reputation, goodwill, and integrity of its copyrighted materials. Various components of the Defendant's Product are mislabeled and refer to directions and warnings that are not included anywhere on the product. Defendant's Product does not meet the quality control standards that C.B. Fleet has for the Fleet Product and, thus, the use of C.B. Fleet's copyrights on Defendant's Product demonstrates irreparable injury. See Kevin Harrington Enterprises, Inc. v. Bear Wolf, Inc., 1998 WL 35154990 (S.D. Fla. 1998) (likelihood of irreparable harm shown where infringement leaves plaintiff without the ability to control its own reputation).

### C. The Threatened Injury To C.B. Fleet Outweighs The Harm To Defendant

Turning to the third prong of the preliminary injunction analysis, the Court finds that the evidence of irreparable harm to C.B. Fleet far outweighs the harm that a preliminary injunction may cause Defendant. While compliance with a preliminary injunction may be inconvenient, Defendant need only redesign its package designs and patient instruction sheet and repackage Defendant's Products with the replacement packaging and insert. In light of the substantial harm that C.B. Fleet has and will continue to incur, the balance of harm clearly favors a preliminary injunction. See Adobe Sys, Inc. v. Brenengen, 928 F. Supp. 616, 618 (E.D.N.C. 1996); CBS, 928 F. Supp. 2d at 1345 ("a company cannot build a business on infringements and then argue that enforcing the law will cripple that business").

### D. Granting A Preliminary Injunction Serves The Public Interest

Finally, the Court finds that a preliminary injunction clearly serves the public interest. A

preliminary injunction will prevent Defendant's from continuing to misappropriate the skills, creative energies, and resources that C.B. Fleet has invested in its copyrights. See Kevin Harrington, 1998 WL 35154990 (citing 4 Nimmer, § 14.06[A]). The public interest can only be served by upholding copyright protection and preventing the misappropriation of protected works. Id., Stoneworks Inc. v. Empire Marble and Granite Inc., 49 U.S.P.Q. 2d 1760, 1765-66 (S.D. Fla. 1998).

### III. Conclusion

The Court, having considered the moving, opposition and reply papers has considered the Motion, and the pertinent portion of the record, and being otherwise fully advised on the premises, it is:

ORDERED AND ADJUDGED that said Motion be, and the same is, hereby GRANTED; and it is further

ORDERED AND ADJUDGED that Defendant and its directors, principals, officers, agents, representatives, servants, attorneys, successors, assigns, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby preliminarily enjoined and restrained, either directly or indirectly through Defendant's wholesalers, retailers, mass merchandisers, supermarkets, hospitals, physicians, gastro-physicians, gastro-urology or other medical clinics, government agencies, hospital purchasing groups, physicians, government agencies or and all other wholesale and retail outlets and those who purchase from Defendant, from:

i.  imitating, copying, reproducing, or making any other infringing use or infringing distribution of C.B. Fleet's "FLEET® PHOSPHO-SODA® EZ-Prep™ Bowel Preparation Instructions" or package design for its "FLEET® PHOSPHO-SODA® EZ-PREP™ product covered by the Certificate of Copyright No. VA 1-392-161 (collectively the "Fleet Copyrighted Works"); and

ii.  manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the Fleet

Copyrighted Works;

ORDERED and ADJUDGED that Defendant shall immediately recall and within 14 days of the entry of this Order retrieve and hold in its custody in a safe and secure place throughout the pendency of this action, including all appeals, any and all of Defendant's Products that are being or have been used, advertised, marketed, offered, distributed or sold in the marketplace that bear or contain any content, material, images, or package designs that infringe on C.B. Fleet's copyrights in any of the Fleet Copyrighted Works and, further, Defendant shall file with the Court and serve on C.B. Fleet a statement under oath by an officer of Defendant certifying that Defendant has complied with this provision of the Order; and it is further

ORDERED AND ADJUDGED that this preliminary injunction shall be effective upon Plaintiff C.B. Fleet Company, Incorporated's giving security in the sum of $500,000.00 for the payment of such costs and damages as may be incurred or suffered by Defendant should it be found that Defendant has been wrongfully enjoined, such bond to be approved by the Court or the Clerk of the Court. Plaintiff has to and including April 27, 2007 at 4:30 p.m. to post the bond with the Clerk of Court. This bond shall be deemed sufficient to protect Defendant's interests and shall continue in effect during the pendency of this action.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 25 day of April, 2007.

   /s/ Kenneth L. Ryskamp
KENNETH J. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All counsel of record